UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

Anonymous,

                     Plaintiff,

        - against -

JP Morgan Chase & Co., and
Chase Manhattan Bank

                     Defendants.

------------------------------------------------------------x

Case No.: 05 CV 2442

NOTICE OF REMOVAL

RECEIVED FEB 28 2005 U.S.D.C. S.D.N.Y. CASHIERS

JUDGE KOELTL

      PLEASE TAKE NOTICE THAT pursuant to 12 U.S.C. § 632, defendants JP Morgan Chase & Co. and Chase Manhattan Bank USA, N.A., misnamed as "Chase Manhattan Bank" and/or "JP Morgan Chase Bank" (jointly, "Defendants"), hereby remove to the United States District Court for the Southern District of New York the above-styled action, pending as Index No. 101586/05 in the Supreme Court of the State of New York, County of New York (the "State Court Action"), and as grounds for removal, state as follows:

      1.    On December 29, 2004, Plaintiff filed the State Court Action in the Supreme Court of the State of New York, County of New York as Index No. 101586/05. Plaintiff served Defendants with the Verified Complaint on February 8, 2005. Copies of all process, pleadings, orders, and other papers filed in this action and obtained by Defendants are attached hereto and marked Exhibit A. *See* 28 U.S.C. § 1446(a).

      2.    The Verified Complaint's reference to "Chase Manhattan Bank" and/or "JP Morgan Chase Bank" are obvious misnomers for Chase Manhattan Bank USA, N.A. The complaint concerns Plaintiff's Chase credit card account, and seeks to state a claim against the

1

bank that issues the credit card, as reflected in account statements appended to the Verified Complaint. The issuer of the credit card is Chase Manhattan Bank USA, N.A. The identity of Chase Manhattan Bank USA, N.A. as issuer of Plaintiff's credit card is reflected in the last paragraph of the "back" of each of the five credit card statements appended to the Verified Complaint.

3. The Verified Complaint alleges two separate "counts" against the defendants, for purported violations of the New York State Constitution, art. I, § 9 and N.Y. Gen. Oblig. Laws § 5-401, 5-411 (Count I), and accord and satisfaction (Count II) (Compl. ¶¶ 22-25). Defendants deny each of the two allegations made in the Plaintiff's Verified Complaint.

4. This case is removable based on original jurisdiction pursuant to the Edge Act, 12 U.S.C. § 632. In addition, the Court has supplemental jurisdiction over all parties and claims pursuant to 28 U.S.C. § 1367.

5. This Court has original jurisdiction of this action, and it may be removed to this Court, under the Edge Act, 12 U.S.C. § 601 *et seq.*, which provides:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

12 U.S.C. § 632. To establish original jurisdiction under the Edge Act: "1) the suit must be civil in nature; 2) one of the parties at interest is a corporation organized under the laws of the United States; and 3) the suit arises out of a transaction involving international or foreign banking." *Pinto v. Bank One Corp.*, No. 02 Civ. 8477, 2003 WL 21297300, at *2 (S.D.N.Y. June 4, 2003) (quoting *First Nat'l Bank v. Promatek Med. Sys., Inc.*, 870 F. Supp. 234 237 (N.D. Ill. 1994)); *see also In re Currency Conversion Fee Antitrust Litigation*, No. 1409, 21-95, 2003 WL 22097502, at *2 (S.D.N.Y. Sept. 10, 2003) (quoting *Pinto*).

6. This Court has original jurisdiction under Section 632, and the case is properly removed, because (a) the State Court Action is a civil suit; (b) Chase Manhattan Bank USA, N.A., a defendant in the State Court Action, is a national banking association chartered by the Office of the Comptroller of the Currency, a Division of the Treasury Department, pursuant to the National Bank Act, 12 U.S.C. § 21 *et. seq.*; and (c) the allegations of the Complaint arise out of transactions involving foreign or international banking, or foreign or international financial operations involving Chase Manhattan Bank USA, N.A..

7. The Complaint alleges that Chase Manhattan Bank USA, N.A., by its issuance of credit cards and its associated activities, facilitated the use of "[o]ff-shore gambling operations." (Compl. ¶ 13.) This Court has held that where, as here, the plaintiff allegedly used his credit card, issued by a nationally chartered bank, to pay for internet gambling activities with foreign entities, the allegations arose out of transactions involving foreign or international banking sufficient to qualify for original jurisdiction under the Edge Act. *Pinto*, No. 02 Civ. 8477, 2003 WL 21297300, at *2-*6. *Cf. In re Currency Conversion Fee Antitrust Litigation*, No. 1409, 21-95, 2003 WL 22097502, at *2 (charges made to a credit card account resulting from purchases

3

made in foreign countries constituted transactions "involving international or foreign banking"); *United Technologies Corp. v. Citibank, N.A.*, 469 F. Supp. 473, 476-77 (S.D.N.Y. 1979) (the extension of credit by national bank to a domestic corporation arose "out of an international banking transaction" because it was payable in a foreign country). Similarly here, the Plaintiff allegedly used his credit card, issued by Chase Manhattan Bank USA, N.A., to pay for internet gambling activities with several foreign entities. The account statements attached as Exhibit A to the Complaint record payments to the following foreign entities: "GYGOLTD.COM" in Great Britain, "WEB PAYSERVICES NL" in the Netherlands, "TEL SERVE 866 722 7466 NL" in the Netherlands, and "LOWEPAY800-880-1447 SEOUL" in Korea.

8.  Removal pursuant to Section 632 is timely because removal pursuant to that provision is permissible at any time before trial. *See* 12 U.S.C. § 632 ("[A]ny defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.").[1]

9.  A copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of New York and is being served on the Plaintiff, who is *pro se*. *See* 28 U.S.C. § 1446(a) & (d). The Supreme Court of the State of New York, County of New York is located within this District.

10. Upon removal, Defendants intend to assert their rights to require Plaintiff to arbitrate his alleged dispute pursuant to the terms governing his credit card account and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* By removing this case to this Court,

---

[1] JP Morgan Chase & Co. is entitled to join in this removal because Section 632 only requires that one defendant be a "corporation organized under the laws of the United States," and Chase Manhattan Bank USA, N.A. is such an entity.

4

Defendants do not waive any right to enforce their arbitration rights. *See In re Mercury Constr. Corp. (Mercury Constr. Corp. v. Moses H. Cone Mem. Hosp.)* 656 F.2d 933, 940 (4th Cir. 1981) (*en banc*), *aff'd*, 460 U.S. 1 (1983); *Kaddouri v. Merrill Lynch, Pierce, Fenner & Smith*, No. Civ.A. 304CV1456B, 2005 WL 283582, at *6 (N.D. Tex. Feb. 4, 2005); *Shales v. Discover Card Servs., Inc.*, No. CIV.A. 02-80, Civ.A. 02-801, Civ.A. 02-802, 2002 WL 2022596, *1 (E.D. La. Aug. 30, 2002).

Dated: February 28, 2005

Respectfully submitted,

Christopher R. Lipsett (CL 4818)
Shoshana L. Gillers (SG 8335)
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, New York 10021
(212) 230-8800

Attorneys for Defendants
JP Morgan Chase & Co., and Chase Manhattan Bank USA, N.A.